UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VICKIE DIANNE BYRD,

                Plaintiff,

        v.

FINGER LAKES DEVELOPMENTAL
DISABILITIES SERVICES OFFICE
O.P.W.D.D.,

                Defendant.

DECISION & ORDER

14-CV-6470T

---

        Following the district judge's referral order dated August 10, 2015, this Court scheduled a conference pursuant to Rule 16 of the Federal Rules of Civil Procedure to be held on October 14, 2015.  (Docket # 7).  On August 20, 2015, plaintiff filed a motion for appointment of counsel (Docket # 8), which this Court denied by Decision and Order dated October 2, 2015 (Docket # 10).  This Court held the Rule 16 scheduling conference on October 14, 2015, at which time a scheduling order was agreed upon by the parties and issued by the Court.  (Docket # 11).  At the time of the conference, plaintiff indicated her desire to revoke her consent to magistrate judge jurisdiction over the case.  Her revocation was accepted, although the Court noted that counsel for defendant had not consented so the undersigned was acting pursuant to 28 U.S.C. § 636(b)(1)(A) and not § 636(c).  At the time of the conference, plaintiff referenced a letter she had sent the Court, which had not yet been received.

        The day after the Rule 16 conference, this Court received plaintiff's letter dated October 8, 2015.  The letter, which has been docketed as a motion, refers to her desire to revoke

her consent, to request a jury trial, and to request that I be disqualified and recused from any further proceedings in this case due to her perception that I am prejudiced and biased against her. (Docket # 12). Her perception apparently derives from my recent decision denying her motion for appointment of counsel without prejudice to renewal. She complains that the decision was unfair and not issued in a timely manner. (*Id.*). Her complaints do not justify disqualification or recusal, *see*, *e.g.*, *Moskovits v. Moskovits*, 150 F. App'x 101, 102 (2d Cir. 2005) ("[p]laintiffs have failed to show basis for recusal, as their allegations fail to demonstrate an 'deep-seated favoritism or antagonism that would make fair judgment impossible,' . . . as opposed to disagreement with decisions made by [the judge] in his judicial role") (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *Kearney v. Fischer*, 2014 WL 1379541, *2 (W.D.N.Y. 2014) ("[t]he [p]laintiff's sole basis for seeking the [c]ourt's recusal in this case is his disagreement with the [c]ourt's decision not to assign him new *pro bono* counsel[;] [h]owever, 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion'") (quoting *Liteky v. United States*, 510 U.S. at 555); *Wu v. Pearson Educ. Inc.*, 2012 WL 3065303, *2 (S.D.N.Y. 2012) ("it is plain to see that this motion is an expression of plaintiff's disapproval with the decisions that this [c]ourt has made in its judicial role – and a party's disagreement with judicial decisions does not provide a basis for recusal"), and her application for such relief (Docket # 12) is denied.

        Insofar as she requests more time to attempt to retain counsel, plaintiff is free to continue her efforts to find counsel. If she is successful, counsel should enter a notice of

appearance on her behalf and may represent her.  Her complaint reflects her request for a jury trial.  (*See* Docket # 1).

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated:  Rochester, New York
         October 16, 2015