UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VICKIE DIANNE BYRD,

                        Plaintiff,       **No. 6:14-cv-06470(MAT)**
                                                  **DECISION AND ORDER**
           -vs-

NYS FINGERLAKES DEVELOPMENTAL
DISABILITIES SERVICES
O.P.W.D.D.,

                        Defendant.

---

## INTRODUCTION

Proceeding pro se, Vickie Dianne Byrd ("Plaintiff") instituted this action by filing a complaint (Dkt #1) dated August 11, 2014, alleging that "NYS Fingerlakes Developmental Disabilities Services O.P.W.D.D."[1] ("Defendant") discriminated against her in connection with her application for employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; Americans with Disabilities Act of 1990 ("ADA"), Pub. L. No. 101–336, 104 Stat. 327, amended by ADA Amendments Act of 2008, Pub. L. No. 110–325, 122 Stat. 3553 (2008); and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 et seq.

Presently before the Court is Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("F.R.C.P.")

---

[1] The correct name of Defendant is New York State Office For People With Developmental Disabilities.

56. For the reasons that follow, it is denied without prejudice with leave to renew.

**DISCUSSION**

**I. Defendant Has Failed to Properly Support Its Factual Assertions**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Rule 56 lays out the procedure for a party to present its factual positions:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting

materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

Defendant relies heavily on various documents, including reports, emails, and letters. However, these documents are not in admissible evidentiary form because none of them has been properly authenticated through deposition testimony or an affidavit from its author. GlobalRock Networks, Inc. v. MCI Commc'ns Servs., Inc., 943 F. Supp.2d 320, 335 (N.D.N.Y. 2013) (finding that letter defendant's senior tax counsel sent to plaintiff was not in admissible evidentiary form, for purposes of summary judgment motion in breach of contract and fraud suit between telecommunication companies, since the letter had not been properly authenticated through testimony or an affidavit from its author). It is well established that "[u]nsworn letters and statements made without personal knowledge are not admissible evidence under Rule 56 of the Federal Rules of Civil Procedure and cannot be considered in connection with a summary judgment motion." Russo v. New York Presbyterian Hosp., 972 F. Supp.2d 429, 440 n. 12 (E.D.N.Y. 2013) (citing Smeraldo v. City of Jamestown, 512 F. App'x 32, 34 (2d Cir. 2013) (unpublished opn.) (explaining that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge" under Rule 56(c)(4), and that "a court may, in considering a motion for summary judgment, simply decline to consider those aspects of a supporting affidavit that do not

appear to be based on personal knowledge or are otherwise inadmissible"); Fall v. New York State United Teachers, 289 F. App'x 419, 421 n. 3 (2d Cir. 2008) (unpublished opn.) (finding that unsworn audiologist reports constituted "inadmissible hearsay evidence"); Sepanski v. Jani-King, Inc., No. 10-CV-518S, 2013 WL 4455412, at *2-3, *8 (W.D.N.Y. Aug. 16, 2013) (holding that three letters that were not sworn, the contents were not stated to be true and correct, and were not stated under penalty of perjury but were "merely signed by a notary," could not be considered in connection with a motion for summary judgment); White v. Sears, Roebuck & Co., No. 07-CV-4286, 2009 WL 1140434, at *3 n. 4 (E.D.N.Y. Apr. 27, 2009) (explaining that unsworn documents cannot be considered by the court on a motion for summary judgment, even if they are notarized)).

Defendant's Motion for Summary Judgment is entirely dependent on these unsworn documents; without them, Defendant cannot demonstrate that there "is no genuine issue as to any material fact" and that it "is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

**II.    Defendant's Eleventh Amendment Immunity Argument Was Improperly Raised for the First Time in Its Reply and Will Not Be Considered**

In its Reply, Defendant argued, for the first time, that it is entitled to qualified immunity under the Eleventh Amendment. "[A] district court is free to disregard argument raised for the first time in reply papers, especially on a motion for summary judgment."

Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co., 611 F. Supp.2d 373, 376 (S.D.N.Y. 2009), aff'd, 374 F. App'x 71 (2d Cir. 2010) (citing Playboy Enters., Inc. v. Dumas, 960 F. Supp. 710, 720 n. 7 (S.D.N.Y. 1997) ("Arguments made for the first time in a reply brief need not be considered by a court.")). The Second Circuit has clarified that a district court has discretion to consider a belatedly-asserted argument. Ruggiero v. Warner–Lambert Co., 424 F.3d 249 (2d Cir. 2005). However, the Court declines to exercise that discretion here, in light of Plaintiff's pro se status and the fact that she did not have an opportunity to respond to Defendant's Eleventh Amendment argument. The Court expresses no opinion as to that argument's merits.

**III. Defendant Has Failed to Comply with the Federal Rules of Evidence**

Defendant has submitted a pleading captioned, "Defendant's Appendix to Local Rule 56.1 Statement of Material Facts." It contains three exhibits (A through C). All of these exhibits are allegedly "Certified Business Records." These documents are unaccompanied by any "certifications."

"To be admissible as a business record, a document must have sufficient indicia of trustworthiness to be considered reliable." Woods v. City of Chicago, 234 F.3d 979, 988 (7th Cir. 2000) (citing Saks Int'l, Inc. v. M/V "Export Champion," 817 F.2d 1011, 1013 (2d Cir. 1987)). "Normally, to demonstrate such trustworthiness and reliability at the summary judgment stage, the party seeking to

offer the business record must attach an affidavit sworn to by a person who would be qualified to introduce the record as evidence at trial, for example, a custodian or anyone qualified to speak from personal knowledge that the documents were admissible business records." Id. (citing Federal Deposit Ins. Corp. v. Patel, 46 F.3d 482, 484 (5th Cir. 1995); Martz v. Union Labor Life Ins. Co., 757 F.2d 135, 138 (7th Cir. 1985) ("When a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence.")). Defendant's Exhibits A through C have not been made admissible in evidence and do "not constitute competent summary judgment evidence." U.S. Bank Nat'l Ass'n v. Borunda, No. EP-15-CV-109-PRM, 2016 WL 2625287, at *4 (W.D. Tex. May 5, 2016) (finding that certain hearsay documents submitted by defendant, the "Notice of Default and Intention to Accelerate" and "Notice of Acceleration," could fall under the hearsay exception for business records pursuant to Federal Rule of Evidence 803(6)(B), defendant had not laid the foundation to introduce these documents as business records pursuant to the exception) (citing Shupe v. Ford Motor Co., No. 03 C 7887, 2004 WL 1073436, at *2 (N.D. Ill. Apr. 6, 2004) ("Although [the defendant's] motion describes the document as a 'business record . . . ,' no affidavit from a person qualified to introduce the document as evidence at trial, other proper form of authentication was provided to establish the document's admissibility as a

business record. For this reason, the document cannot support the rendering of summary judgment."); other citations omitted).

## IV. Defendant Has Failed to Comply with the District's Rules of Administrative Procedure

Defendant's Appendix to Local Rule 56.1 Statement of Material Facts Motion for Summary Judgment, Exhibit B, does not comply with the Western District of New York's Administrative Procedures Guide for Electronic Filing ("the Guide"), which is available on the District's website.[2] Defendant indicates that this Exhibit B, which is described as "OPWDD Response to Plaintiff's NYS DHR Verified Complaint," is being "manually submitted due to confidential sensitive information."

Defendant's attorney is "require[d] . . . to file documents electronically, absent a showing of good cause, unless otherwise excused by the procedures set forth [in the Guide] or by Order of the Court." Guide, p. 3. The Court has not issued an order allowing Exhibit B to be filed manually. Defendant is advised to consult the Guide, in particular, Administrative Rule 2(R) (Manual Filing of Documents) which sets forth the procedures governing documents filed manually; and Administrative Rule 2(P) (Privacy), which directs that parties in civil cases to comply with F.R.C.P. 5.2.

---

[2] Navigate to http://www.nywd.uscourts.gov/rules-individual-local-federal, and click on "Administrative Procedures Guide for Electronic Filing amended March 2018."

**V. Defendant's Motion for Summary Judgment Is Incomplete**

Finally, Defendant's Motion for Summary Judgment is only addressed to Plaintiff's Title VII claims. Defendant entirely ignores Plaintiff's ADA, ADEA, and NYHRL claims. Accordingly, if Defendant believes that dismissal as a matter of law is warranted as to any of Plaintiff's claims apart from the Title VII discrimination and retaliation claims, Defendant must explicitly present argument as to why it is entitled to dismissal of those claims, citing relevant case law and applying it to the facts, in any renewed motion for summary judgment.

## CONCLUSION

For the reasons discussed above, the Court denies Defendant's Motion for Summary Judgment. The denial is without prejudice, with leave to renew.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: July 5, 2018
Rochester, New York