UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

VICKIE DIANNE BYRD,

                           Plaintiff,        **No. 6:14-cv-06470(MAT)**
                                                     **DECISION AND ORDER**
            -vs-

NYS FINGERLAKES DEVELOPMENTAL
DISABILITIES SERVICES
O.P.W.D.D.,

                           Defendant.
───────────────────────────────

### INTRODUCTION

Proceeding pro se, Vickie Dianne Byrd ("Plaintiff") instituted this action by filing a complaint (Dkt #1) dated August 11, 2014, alleging that "NYS Fingerlakes Developmental Disabilities Services O.P.W.D.D."[1] discriminated against her in connection with her application for employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; Americans with Disabilities Act of 1990 ("ADA"), Pub. L. No. 101–336, 104 Stat. 327, amended by ADA Amendments Act of 2008, Pub. L. No. 110–325, 122 Stat. 3553 (2008); and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 et seq.

In a Decision and Order filed on November 22, 2018, the Court granted Defendant's renewed Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 56 in its entirety and

---

[1] This term appears to be a conflation of the New York State Office For People With Developmental Disabilities ("OPWDD") and the Finger Lakes Developmental Disabilities State Operations Office ("FLDDSOO").

dismissed Plaintiff's Complaint. *See* Dkt #54. Judgment in Defendant's favor was entered on November 26, 2018. *See* Dkt #55.

On December 7, 2018, Plaintiff filed a Motion to Vacate the Judgment. *See* Dkt #56. Plaintiff also filed a pleading purporting to be Response in Opposition, *see* Dkt #57, to Defendant's no-longer-pending summary judgment motion along with an Opposition to Statement of Fact, *see* Dkt #57-1. Defendant filed a Memorandum in Opposition (Dkt #58) to Plaintiff's motion for vacatur.

For the reasons discussed below, Plaintiff's Motion to Vacate is denied in its entirety.

**LEGAL STANDARD**

"[W]here a post-judgment motion is timely filed and 'calls into question the correctness of that judgment it should be treated as a motion under FRCP 59(e), however it may be formally styled.'" Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 41 (2d Cir. 1982) (quoting Dove v.Codesco, 569 F.2d 807, 809 (4th Cir. 1978)). "There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. . . . Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling

law." 11 Fed. Prac. & Proc. Civ., Grounds for Amendment or Alteration of Judgment, § 2810.1 (3d ed.) (footnotes omitted).

The Second Circuit has explained that "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citing Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990); Adams v. United States, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)).

## DISCUSSION

Plaintiff asserts in a conclusory fashion that she did not receive notice of the consequences of not responding to Defendant's renewed Motion for Summary Judgment because someone is "disrupting" her mail and that mail has been missing from her mailbox. *See* Dkt #56. In her Response (Dkt #57) and Opposition to Statement of Facts (Dkt #57-1), which are largely duplicative of each other, Plaintiff simply reasserts her disagreement with Defendant's decision not to extend an employment offer to her and levels accusations of misconduct and discrimination by Defendant and its employees.

Even assuming Plaintiff's Opposition to Statement was timely filed, and in compliance with the District's Local Rules of Civil Procedure or with FRCP 56—which it is not—it would have had no

effect on this Court's decision to grant summary judgment to Defendant based on Defendant's properly supported motion.

As the Supreme Court has explained, the court's inquiry under FRCP 56 is the inquiry under "whether the evidence presents a sufficient disagreement to require submission 252 to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). A party's "bald assertion, completely unsupported by evidence, [does] not satisfy [her] burden; it certainly d[oes] not 'present[ ] a sufficient disagreement to require submission to a jury' as required by Fed. R. Civ. P. 56(c)." Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991) (quoting Anderson, 477 U.S. at 251-52. "To overcome a motion for summary judgment, the non-moving party must provide this Court with some basis to believe that his 'version of relevant events is not fanciful.'" Lee v. Coughlin, 902 F. Supp. 424, 429 (S.D.N.Y. 1995), on reconsideration, 26 F. Supp.2d 615 (S.D.N.Y. 1998) (quoting Christian Dior-New York, Inc. v. Koret, Inc., 792 F.2d 34, 37-39 (2d Cir. 1986); citing Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (stating that a party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts").

The Court is cognizant of Plaintiff's pro se status and the requirement that her submissions be judged by a more lenient standard than that accorded to "formal pleadings drafted by

-4-

lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this leniency "is not without limits, and all normal rules of pleading are not absolutely suspended." Stinson v. Sheriff's Dep't of Sullivan County, 499 F. Supp. 259, 262 (S.D.N.Y. 1980). In other words, Plaintiff's *pro se* status does not relieve her of the usual prerequisites of opposing a properly supported summary judgment motion. See Houston v. Teamsters Local 210, Affiliated Health & Ins. Fund-Vacation Fringe Ben. Fund, 27 F. Supp.3d 346, 351 (E.D.N.Y. 2014) ("[P]roceeding pro se does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions unsupported by evidence . . . are insufficient to overcome a motion for summary judgment.") (quoting Rodriguez v. Hahn, 209 F. Supp.2d 344, 348 (S.D.N.Y. 2002); internal quotation marks omitted in original).

Here, Plaintiff's Response and Opposition to Statement of Facts consist of nothing more than "bald assertion[s], completely unsupported by evidence," Carey, 923 F.2d at 21. They are patently insufficient to create a "metaphysical doubt" as to the material facts much less a "genuine issue" requiring resolution by a jury. The Court adheres to its previous Decision granting Defendant's Motion for Summary Judgment because Defendant showed that there is no genuine issue of material fact to be tried, and that it is entitled to judgment as a matter of law. Plaintiff's post-judgment submissions provide the Court with no basis to deviate from this ruling.

-5-

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate is denied. The Court certifies that any appeal of this decision and order would not be taken in good faith, and therefore denies Plaintiff permission to proceed in forma pauperis on appeal.

**SO ORDERED.**

S/Michael A. Telesca

  HON. MICHAEL A. TELESCA
  United States District Judge

Dated:   January 28, 2019
         Rochester, New York.