UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VICKIE DIANNE BYRD,

                           Plaintiff,        **No. 6:14-cv-06470(MAT)**
                                                          **DECISION AND ORDER**
           -vs-

NYS FINGERLAKES DEVELOPMENTAL
DISABILITIES SERVICES
O.P.W.D.D.,

                           Defendant.
_____

## INTRODUCTION

Proceeding *pro se*, Vickie Dianne Byrd ("Plaintiff") instituted this action by filing a complaint (Dkt #1) dated August 11, 2014, alleging that "NYS Fingerlakes Developmental Disabilities Services O.P.W.D.D."[1] discriminated against her in connection with her application for employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; Americans with Disabilities Act of 1990 ("ADA"), Pub. L. No. 101-336, 104 Stat. 327, amended by ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008); and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 et seq.

In a Decision and Order filed on November 22, 2018, the Court granted Defendant's renewed Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 56 in its entirety,

---

[1] This term appears to be a conflation of the New York State Office For People With Developmental Disabilities ("OPWDD") and the Finger Lakes Developmental Disabilities State Operations Office ("FLDDSOO").

finding that Plaintiff failed to prove that she was qualified for the position and that Defendant fulfilled its burden of production by articulating legitimate, nondiscriminatory reasons for not hiring her. Accordingly, the Court dismissed Plaintiff's Complaint. *See* Dkt #54. Judgment in Defendant's favor was entered on November 26, 2018. *See* Dkt #55.

On December 7, 2018, Plaintiff filed a Motion to Vacate the Judgment. *See* Dkt #56. Plaintiff also filed a pleading purporting to be Response in Opposition, *see* Dkt #57, to Defendant's no-longer-pending summary judgment motion along with an Opposition to Statement of Fact, *see* Dkt #57-1. Defendant filed a Memorandum in Opposition (Dkt #58) to Plaintiff's motion for vacatur. The Court issued a Decision and Order (Dkt #) denying Plaintiff's Motion to Vacate is denied in its entirety because her conclusory post-judgment submissions provided the Court with no basis to deviate from its ruling granting summary judgment in Defendant's favor.

Plaintiff has filed yet another Motion to Vacate (Dkt #61). Defendant

**LEGAL STANDARD**

The Court construes Plaintiff's latest motion as being brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure since it was brought outside the 30-day time limit set forth in Rule 59(e). Rule 60(b) allows a party to seek relief from a final judgment on certain enumerated grounds: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud;

the judgment is void; or the judgment has been satisfied. FED. R. CIV. P. 60(b)(1)-(5). Rule 60(b) also has a so-called "catch-all" provision, subsection (6), which allows vacatur for "any other reason that justifies relief. . . ." FED. R. CIV. P. 60(b)(6).

**DISCUSSION**

Plaintiff seeks permission to submit an audio recording made by unidentified person or persons that will somehow prove that she was qualified for the position she sought with Defendant and that Defendant's refusal to hire her was discriminatory. The only two subsections of Rule 60(b) under which this material could fall is (b)(2) which pertains to newly discovered evidence; or (b)(6), the Rule's catch-all provision.

**I. The Audio Recording Is Not Newly Discovered Evidence**

"In order to succeed on a motion pursuant to Rule 60(b)(2), the movant must present evidence that is 'truly newly discovered or . . . could not have been found by due diligence.'" *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983) (quoting *Westerly Electronics Corp. v. Walter Kidde & Co.*, 367 F.2d 269, 270 (2d Cir. 1966)). Additionally, the Court must be satisfied that the evidence is "not merely cumulative or impeaching"; is "material to the issues"; and "is such that upon a [rehearing of the motion] it would probably produce a different result." *United States v. All Right, Title & Interest In Prop. & Premises Known As 710 Main St., Peekskill, N.Y.*, 753 F. Supp. 121, 126 (S.D.N.Y. 1990) (quoting *Gemveto Jewelry Co., Inc. v. Jeff Cooper, Inc.*, 613

F. Supp. 1052, 1058 (S.D.N.Y. 1985) (citations and footnote omitted), *vacated on other grounds*, 800 F.2d 256 (Fed. Cir. 1986)). Here, the audio record is not plainly *not* newly discovered evidence as it has been in Plaintiff's possession since at least 2017, when she represented to the Court that she would produce it for copying or listening. *See* Dkt ## 32 & 38. However, she never did so, despite repeated requests from Defendant's counsel. Furthermore, the Court cannot find that the audio recording is "material" or would "probably [have] produce[d] a different result" because Plaintiff fails to reveal the contents of the alleged the audio recording much less explain how it would create a genuine issue of material fact so as to have enabled her to withstand summary judgment on her claims.

In short, the audio recording does not constitute newly discovered evidence, and Plaintiff cannot obtain vacatur of the judgment pursuant to Rule 60(b)(2).

**II. There Are No "Extraordinary Circumstances" Justifying Relief Under Rule 60(b)(6)**

Rule 60(b)'s so-called "catch-all" provision, subsection (6), allows vacatur of a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[B]ecause the scope of Rule 60(b)(6) is potentially broad, relief is justifiable only where the movant shows 'exceptional circumstances [or] extreme hardship.'" *Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 388 (E.D.N.Y.

1998) (quoting *United States v. Cirami*, 563 F.2d 26, 30 (2d Cir. 1977)).

Plaintiff's situation is entirely of her own making. She refused to produce the audio recording on which she now seeks relief from judgment at a time when the Court could have considered it in connection with Defendant's summary judgment motion. For whatever reason, she declined to do so, and "Rule 60(b)(6) does not afford relief for deliberate tactical decisions of a party." *Cobos*, 179 F.R.D. at 388 (citing *Nemaizer v. Baker*, 793 F.2d 58, 59-60 (2d Cir. 1986) ("The reason appellees advance to obtain Rule 60(b) relief from the order of dismissal is that the stipulation contemplated only a pending state claim, not a federal claim. The legal consequences of a stipulation incorporated in a court order may not be undone simply because, with the benefit of hindsight, stipulating turns out to have been an unfortunate tactic."). In the present situation, where the Court's lack of access to the purported new evidence is due entirely to Plaintiff's own choices, Plaintiff cannot demonstrate extreme hardship or extraordinary circumstances. Rule 60(b)(6) does not countenance such practices, and relief under this section is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate is denied. The Court certifies that any appeal of this decision and order would not be taken in good faith, and therefore denies Plaintiff permission to proceed *in forma pauperis* on appeal.

-5-

Plaintiff is cautioned that the continued filing of factually and legally baseless motions for relief from judgment may subject her to sanctions under Rule 11 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

S/Michael A. Telesca

_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   June 25, 2019
         Rochester, New York.